UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LISA HOFMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19 CV 423 CDP |
| | ) | |
| WELLS FARGO BANK, N.A., as | ) | |
| Trustee for the First Franklin Mortgage | ) | |
| Loan Trust Pass-Through Certificate | ) | |
| Series 2004-FF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF REMAND

Plaintiff Lisa Hofmann filed this wrongful foreclosure action in Missouri state court to set aside defendants' foreclosure of her house, claiming that she was not in default and that defendants lacked authority to initiate and engage in the foreclosure proceedings. Hofmann also brings a claim under the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, and a claim of slander of title; and she seeks to quiet title to the property. Defendants Wells Fargo Bank, N.A. and Select Portfolio Servicing, Inc., with the consent of defendant Pittenger Law Group, LLC, removed the action to this Court on March 8, 2019, claiming diversity jurisdiction under 28 U.S.C. § 1332. Because defendants have failed to establish the requisite amount in controversy by a preponderance of the evidence, I will grant Hofmann's motion to remand the matter to state court.

In removal cases, I must review the complaint or petition pending at the time of removal to determine the existence of subject-matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 291 (1938). I may also look to the notice of removal to determine jurisdiction. 28 U.S.C. § 1446(c)(2)(A). The removing defendants, as the parties invoking jurisdiction, bear the burden of proving by a preponderance of the evidence that all prerequisites to jurisdiction are satisfied. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.,* 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" *Central Iowa Power*, 561 F.3d at 912.

Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a).

A.    Diversity of Citizenship

As pled in the state-court petition and in the notice of removal, plaintiff Hofmann is a citizen of Missouri, defendant Wells Fargo is a citizen of South Dakota, and defendant Select Portfolio is a citizen of Utah. Pittinger Law Group, LLC's sole member is a citizen of Kansas. For purposes of diversity, a limited liability company's citizenship is the citizenship of all its members. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir.

2004).   Accordingly, Pittinger is a citizen of Kansas, and complete diversity exists among the litigants.

B.   Amount in Controversy

A party removing a diversity action to federal court must prove the amount in controversy by a preponderance of the evidence.  *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).  Under this standard, "the jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are[.]"  *Id.* at 959 (internal quotation marks and citation omitted) (alteration and emphasis in *Bell*).  A removing party who presents only bald assertions that the nature of the relief sought is sufficient to satisfy the amount in controversy fails to meet the requisite burden of proof.  *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004).  I cannot find jurisdiction on speculation alone.  *Id.*

Hofmann's state-court petition does not assert a specific amount in controversy.  Instead, Hofmann seeks equitable relief, statutory attorney's fees, and an unspecified amount in damages, including punitive damages.  In such circumstances, I must make a factual inquiry into the amount-in-controversy issue.  *Sherrard v. Boeing Co.*, No. 4:17CV1444 RLW, 2017 WL 2973947, at *2 (E.D. Mo. July 12, 2017).

Defendants aver that the object of the controversy – Hofmann's foreclosed

property – had an appraised value between $60,800 and $72,000 and that when this value is considered with Hofmann's request for statutory attorney's fees, damages for emotional distress, and punitive damages, the amount in controversy surpasses $75,000. For the following reasons, I find that defendants have failed to meet their burden.

First, I agree with defendants that, in wrongful foreclosure cases, the value of the property at the time of foreclosure is considered as the value of the object of the controversy for purposes of determining the amount in controversy. However, the value is determined by the purchase price of the property when it was sold at foreclosure, not the appraised value. *See Morris v. Wells Fargo Home Mortg.*, No. 4:11CV1452 CEJ, 2011 WL 3665150, at *1 (E.D. Mo. Aug. 22, 2011). *See also Kisner v. Bank of Am., NA*, No. 10-03527-CV-S-DGK, 2011 WL 2160891, at *2 (W.D. Mo. June 1, 2011) (value of property is its purchase price); *Garland v. Mortg. Elec. Registration Sys., Inc.*, Civil Nos. 09-71 (JNE/JJG), 09-72 (JNE/JGG), 09-342 (JNE JJG), 09-430 (JNE/JJG), 2009 WL 1684424, at *3 (D. Minn. June 16, 2009) (foreclosure sale prices provide reliable indication of fair market value). Here, Wells Fargo paid $41,971.81 for Hofmann's property at the foreclosure sale. The value of the object in controversy, therefore, is $41,971.81.

To the extent defendants argue that when combined with the value of the property, Hofmann's claims for emotional and punitive damages and for attorney's

fees push the amount in controversy over the jurisdictional threshold, defendants offer no facts or evidence to support this assertion. Instead, they speculate that, because the MMPA provides for punitive damages and attorney's fees to the prevailing party, the total amount of damages would exceed $75,000. They also rely on *Holm v. Wells Fargo Home Mortg., Inc.*, 514 S.W.3d 590 (Mo. banc 2017), to show that the nature of the relief sought in this case pushes the amount in controversy over the jurisdictional threshold. Defendants' argument is unavailing.

Defendants contend that in *Holm* – another wrongful foreclosure case – the plaintiff obtained a $200,000 judgment for similar emotional distress damages, and punitive damages nearing $3 million. The *Holm* case, however, is easily distinguishable from this one. Not only are the underlying facts significantly different between the cases, but the procedural and legal posture of the cases are vastly different. In *Holm*, the trial court imposed sanctions on defendants Wells Fargo and Freddie Mac because of their "flagrant and intentionally obstructive conduct" during discovery. *Holm*, 514 S.W.3d at 597. Sanctions included striking the defendants' pleadings, barring defendants from presenting any evidence at trial, and barring defendants from objecting to plaintiff's evidence and from cross-examining any of plaintiff's witnesses. *Id.* at 593. After a nonjury trial at which defendants' pleadings were not considered and only plaintiff's evidence was presented, the trial court awarded the damages as described above. *See id.* at 595.

The Missouri Supreme Court affirmed the trial court's imposition of sanctions, but held that the trial court's award of damages denied defendants their constitutional right to have a jury determine the amount of damages to be assessed against them. *Id.* at 598, 602. The supreme court therefore vacated the damages award and remanded the matter for jury trial. Accordingly, the *Holm* monetary judgment that defendants invoke here to support their argument that Hofmann's requested damages could surpass $75,000 was actually entered with no consideration of defendants' pleadings or evidence and no challenge to plaintiff's evidence, and, significantly, was ultimately vacated as unconstitutional. I will not rely on *Holm* to find that the amount in controversy here meets the jurisdictional threshold.

To establish the requisite amount in controversy by a preponderance of the evidence, defendants are required to present "some specific facts or evidence demonstrating that the jurisdictional amount has been met[.]" *Hill*, 324 F. Supp. 2d at 1036. Defendants have failed to so here. Instead, they largely rely on non-specific information based on the nature of the relief Hofmann seeks. Having me presume that this case involves potential damages exceeding $75,000 based on the relief sought and without offering "one shred of evidence regarding potential damages would be nothing more than speculation on the part of defendant (and the Court)." *Hill*, 324 F. Supp. 2d at 1036. *See also Rosenbloom v. Jet's Am., Inc.*, 277 F. Supp. 3d 1072, 1075 (E.D. Mo. 2017). Because speculation is an

insufficient basis upon which to find that the jurisdictional threshold has been met, *Hill*, 324 F. Supp. 2d at 1036, I cannot say that defendants have proven by a preponderance of the evidence that the requisite jurisdictional amount is in controversy. Therefore, resolving all doubts about federal jurisdiction in favor of remand as I must, *Central Iowa Power*, 561 F.3d at 912, I will remand this case back to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Lisa Hofmann's Motion for Remand [7] is GRANTED.

**IT IS FURTHER ORDERED** that this case is remanded to the Circuit Court of St. Louis County, Missouri, from which it was removed.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 6th day of May, 2019.